IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WELSCO, INC., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | CASE NO. 4:12-CV-394 KGB |
| MIKE BRACE, | | |
| Defendant. | | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO SEEK EXPEDITED DISCOVERY**

Defendant Mike Brace files this Response to Plaintiff Welsco, Inc.'s ("Welsco") Motion for Leave to Seek Expedited Discovery and would respectfully show the Court as follows:

**SUMMARY OF ARGUMENT**

Discovery is entirely inappropriate at this stage in the litigation. Welsco seeks to depose numerous witnesses and subpoena documents, purportedly to prepare for a hearing on its motion for preliminary injunction. However, an injunction hearing has not been set, and Brace's motions to dismiss for lack of personal jurisdiction and improper venue are currently pending before the Court. (Doc. # 8). It would make no sense for the parties to engage in time-consuming and expensive discovery when the Court's rulings on Brace's motions to dismiss could render all of their efforts a nullity. Therefore, the Court should deny Welsco's motion for expedited discovery.

**ARGUMENT**

I. **Standard for Expedited Discovery**

Courts generally use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while other courts analyze a set of factors similar to those for obtaining a preliminary injunction. *See U.S. Bank Nat. Ass'n v. Parker,* No. 4:09CV1755 HEA, 2010 WL 559135, at *1 (E.D. Mo. Feb. 10, 2010) (unpublished).[1] While the Eighth Circuit has not adopted either standard, courts within this circuit have applied the "good cause" standard. *Id.*; *see Monsanto Co. v. Woods*, 250 FRD 411, 413 (E.D. Mo. 2008).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. Furthermore, when a party seeks expedited discovery to prepare for a preliminary injunction hearing, the factors to be considered by the Court are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See, e.g.*, *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005).

These factors militate strongly against Welsco's request for expedited discovery.

II. **Welsco Has Not Shown Good Cause For Expedited Discovery**

Welsco cannot show good cause for its requested departure from this Court's usual discovery features. Its sole basis for requesting expedited discovery is to prepare for an injunction hearing. But "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066

---

[1] Unpublished cases are attached to this Response.

(C.D. Cal. 2009) (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006). Welsco's motion for a preliminary injunction has not been set for hearing, and it is uncertain at this point whether Welsco's motion will be heard in this Court. Brace has filed a motion to dismiss this case for improper venue and lack of personal jurisdiction and, in the alternative, Brace has requested the Court to transfer this case to the Northern District of Oklahoma. (Doc. # 8). If the Court decides to dismiss this case, all discovery conducted will likely be wasted.

To remedy this risk, courts routinely disallow discovery when motions to dismiss, including motions on personal jurisdiction grounds, are pending. *See, e.g.*, *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."); *Wilcox Indus. Corp. v Hansen*, 279 F.R.D. 64, 72 (D.N.H. 2012) ("[T]he pendency of defendants' motions to dismiss weighs against ordering expedited discovery.").

Welsco's purported need to prepare for a hearing that has not been, and may never be, scheduled does not outweigh or justify the unnecessary burdens expedited discovery will likely impose on the parties and witnesses. If discovery proceeds at this stage in the litigation, the parties will be forced to expend extraordinary amounts of time and financial resources in a case that will likely be dismissed. Moreover, should discovery disputes requiring judicial intervention arise, resolving such disputes would squander the Court's resources.

In sum, denying Welsco's request for expedited discovery will promote judicial economy and avoid the potential harm Brace and the other witnesses would suffer if they are forced to respond to discovery before the Court decides Brace's motions to dismiss.

**RELIEF REQUESTED**

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to seek expedited discovery.

        Respectfully submitted,

        /s/ W. Dean Overstreet
        W.M. Dean Overstreet
        Ark. Bar No. 79228
        DOVER DIXON HORNE PLLC
        425 West Capitol, 37th Floor
        Little Rock, Arkansas 72201
        (501) 375-9151
        (501) 375-6484 [fax]
        doverstreet@ddh-ar.com

        /s/ Larry Carbo
        C. Larry Carbo, III.
        SBOT #24031916
        larry.carbo@chamberlainlaw.com
        Julie R. Offerman
        SBOT #24070360
        julie.offerman@chamberlainlaw.com
        CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
          & AUGHTRY
        1200 Smith Street, Suite 1400
        Houston, Texas 77002
        (713) 654-9630
        (713) 658-2553 [fax]
        ***Pro Hac Vice Pending***

        ATTORNEYS FOR DEFENDANT
        MIKE BRACE

## **CERTIFICATE OF SERVICE**

I, Wm. Dean Overstreet, hereby state that a copy of the foregoing was served in compliance with the Federal Rules Civil Procedure on all counsel of record, as noted below, on the 13th day of July 2012:

    David P. Martin    (dmartin@roselawfirm.com)
    Betsy Turner-Fry    (bfry@roselawfirm.com)
    ROSE LAW FIRM
    120 East Fourth Street
    Little Rock, AR 72201

    *Attorneys for Plaintiff*

    W. Dean Overstreet
    Wm. Dean Overstreet