IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WELSCO, INC.                                                                      PLAINTIFF

v.                                    Case No. 4:12-cv-00394-KGB

MIKE BRACE                                                                        DEFENDANT

### OPINION AND ORDER

Before the Court is defendant Mike Brace's Motion to Dismiss for Lack of Personal

Jurisdiction and Improper Venue, or Alternatively, Motion to Transfer Case to Proper Venue (Dkt.

No. 7). Plaintiff Welsco, Inc. ("Welsco") has responded (Dkt. No. 10), and Mr. Brace has replied

(Dkt. No. 17). For the reasons discussed below, Mr. Brace's motion is denied.

### I.      Background and Procedural Posture

This case involves the alleged breach of a covenant not to compete. Welsco filed its

Complaint and Petition for Declaratory Relief in the Circuit Court of Pulaski County, Arkansas on

June 1, 2012 (Dkt. No. 4). On June 4, 2012, Welsco moved in state court for a preliminary

injunction and requested an expedited hearing (Dkt. Nos. 5-6). Before the state court held a

hearing on the motion for a preliminary injunction, Mr. Brace removed the case to this Court (Dkt.

No. 1). The motion for preliminary injunction and brief in support of that motion remain pending

(Dkt. Nos. 5-6). On July 5, Mr. Brace moved to dismiss for lack of personal jurisdiction and

improper venue, or, alternatively, to change venue.

### II.     Personal Jurisdiction

As a threshold matter, "[r]emoval, in itself, does not constitute a waiver of any right to

object to lack of personal jurisdiction . . . but after removal, the federal court takes up the case

where the state court left off.  Following removal, the action is governed by the Federal Rules of Civil Procedure.  Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed. R. Civ P. 12(g) or 12(h)." *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (internal citations omitted).

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant.  For the purposes of a *prima facie* showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings v. Proteq Telecoms.*, 89 F.3d 519, 522 (8th Cir. 1996).  Such a *prima facie* showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).

A federal district court sitting in a diversity action has jurisdiction over a nonresident defendant to the extent of the state's long-arm statute.  Arkansas's long-arm statute extends personal jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment.  Ark. Code Ann. § 16-4-101.  The analysis thus turns on whether the exercise of jurisdiction is permitted by the Due Process Clause, which requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Due process requires courts to consider the "quality and nature" of the defendant's activities. *Id.* at 319.  Personal jurisdiction does not exist when the forum state "has no contacts, ties, or relations" to the defendants. *Id.*  The Supreme Court has held that "it is essential in each case that there be some act by which the defendant purposefully avails himself of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

In *World-Wide Volkwagen Corp. v. Woodson*, the Supreme Court concluded that "the defendant's conduct and connection with the forum State" were such that he could "reasonably anticipate being haled into court there." 444 U.S. 286, 297 (1980). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction as a result of 'random,' 'fortunate,' or 'attenuated,' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

The Supreme Court has identified two theories of personal jurisdiction: general and specific. General personal jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of those contacts. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). In contrast, specific personal jurisdiction exists only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Id.* at 414.

When deciding a personal-jurisdiction issue, the Eighth Circuit has said that district courts must consider the following five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Digi-Tel Holdings*, 89 F.3d at 522-23. The first three are closely related and can be considered together. *Id.* at 523.

"In a contract case, in determining whether a defendant purposefully established minimum contacts with the forum state, a court must consider the parties' prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealings." *S&A Pak, Inc. v. THH Props., L.P.*, 2012 U.S. Dist. LEXIS 49264 (E.D. Ark. Apr. 9, 2012) (citing *Burger King*

3

*Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)).  Courts have held that "[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state." *Bell Paper Box v. Trans W. Polymers*, 53 F.3d 920, 922 (8th Cir. 1995) (second alteration in original).

Applying the five-factor test used in the Eighth Circuit, the Court concludes that it has personal jurisdiction over Mr. Brace.  The first three factors weigh strongly in favor of denying Mr. Brace's motion to dismiss.  In this case, Welsco has made a *prima facie* showing of personal jurisdiction.  The parties do not dispute that Mr. Brace has lived and worked in Tulsa, Oklahoma at all times relevant to this case.  However, during the seven years Mr. Brace worked for Welsco, he made over 40 trips to Arkansas.  Seventeen of those trips included overnight hotel stays in the central Arkansas area.  Both parties acknowledge that Welsco is an Arkansas corporation with which Mr. Brace had frequent telephone, written, and email communication. Mr. Brace's paychecks were sent to him from Arkansas, and other employment benefits, such as insurance, were administered in Arkansas.

Viewing the evidence in the light most favorable to plaintiff Welsco, 40 visits over seven years cannot be characterized as "random, fortunate, or attenuated" contacts.  To the contrary, during the course of his employment, Mr. Brace purposefully availed himself of the privilege of conducting activities in Arkansas.  Further, Mr. Brace could have reasonably foreseen being haled into Arkansas court:  he worked for an Arkansas corporation, traveled here regularly, was in frequent contact with company officials located in Arkansas, and signed a covenant not to compete with an Arkansas corporation.  Taken together, these contacts are sufficient to permit this Court to exercise personal jurisdiction over Mr. Brace.

Further, as Welsco asserts, Mr. Brace's travel here was directly related to his employment with Welsco, which is the subject of this suit.  Mr. Brace traveled to Arkansas for both sales and

management meetings.   At these meetings, Mr. Brace learned about the operations and management of Welsco, as well as information about the marketing and sales of Welsco's products.   During Mr. Brace's visits to Arkansas, he gained information and knowledge that Welsco alleges Mr. Brace is misusing in violation of the covenant not to compete.   Thus, there is a close relationship between the contacts and the cause of action.

As to the fourth and fifth factors, the Court finds that they are neutral.   Welsco is a resident of Arkansas, while Mr. Brace is a resident of Oklahoma.   Accordingly, this Court does have an interest in providing a forum for Welsco.   An Oklahoma court may also have an interest in providing a forum but that does not change this Court's analysis. The Court only considers whether Arkansas has an interest in providing a forum, not whether other forums might also have a similar interest.   Likewise, the Court is persuaded that the fifth factor is neutral.   Although Mr. Brace lives and works in Tulsa, Welsco is located in Arkansas.   Many, if not all, of Welsco's witnesses and business records are located in Arkansas. The Court is not convinced that it would be any more inconvenient for Mr. Brace or his witnesses to come to Little Rock than it would be for Welsco's representatives and witnesses to travel to Oklahoma.   Whether the case is heard in Arkansas or Oklahoma, one party and that party's witnesses are going to have to travel.   Overall, the Eight Circuit's five-factor test weighs in favor of this Court exercising personal jurisdiction over Mr. Brace.

Because the gravamen of Welsco's complaint is breach of contract, the Court has a few additional factors to consider.   *S&A Pak, Inc.*, 2012 U.S. Dist. LEXIS 49264 (citing *Burger King Corp.*, 471 U.S. at 479).   First, Welsco sent the non-compete agreement to Mr. Brace in Oklahoma, which is presumably where he signed it before sending it back to Arkansas.   The agreement's only geographic limitation is that Mr. Brace not "endeavor in competition with the business of the Company in the counties in which employee has engaged in business activities for

the Company during the last six (6) months of his employment with the Company" (Dkt. No. 4, at

15).  The terms and consequences of the contract directly impact an Arkansas corporation and an

Oklahoma resident.  The actual dealings of the parties occurred in both Arkansas and Oklahoma.

The alleged breach is taking place in Oklahoma, but that alleged breach is purportedly directly

causing harm to an Arkansas corporation.  These contract-specific considerations, standing alone,

are fairly neutral and may not give rise to personal jurisdiction.  However, when these factors are

considered in conjunction with Mr. Brace's continuous and systematic travel to Arkansas during

his employment with Welsco and his employment-related communications and dealings with the

Arkansas company over time, the Court is convinced that Mr. Brace has the minimum contacts

with Arkansas required by the Due Process Clause for this Court to exercise personal jurisdiction

over him.

Because the Court concludes that exercising personal jurisdiction over Mr. Brace comports

with the Due Process Clause of the Fourteenth Amendment, the motion to dismiss for lack of

personal jurisdiction is denied.

### III.   Venue

Venue is "primarily a matter of choosing a convenient forum."  *Wachovia Bank, N.A. v.

Schmidt*, 546 U.S. 303, 316 (2006).  The primary inquiry is the convenience of the litigants and

witnesses.  *Denver & Rio Grande W. R.R. Co v. Brotherhood of Railroad Trainmen*, 387 U.S. 556,

560 (1967).

"A civil action may be brought in . . . a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  In

determining whether venue is proper, the Court does not ask "which district among two or more

potential forums is the best venue," but rather the Court asks "whether the district the plaintiff

chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (internal quotation omitted).  Stated differently, the Court focuses on the events or omissions in *this* district, not on the events or omissions in some other district.  It is clear that "there can be more than one district in which a substantial part of the events giving rise to the claim occurred."  14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3806.1 (3d ed. 1998).

Defendant has asserted two alternative grounds for transfer.  First, according to 28 U.S.C. § 1406(a), if the Court finds that venue is improperly laid, the Court can dismiss the case, or if in the interest of justice, transfer the case to a district in which it could have been brought.  Second, § 1404(a) provides as follows:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404.  "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Section 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer:  (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  *Terra Int'l, Inc.*, 119 F.3d at 691.  Courts are not limited to those factors alone but may make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."  *Id.*  Finally, the Eighth Circuit has recognized that "[m]erely shifting the inconvenience from one side to the other . . . is obviously not a permissible justification for change of venue."  *Id.* at 696-97.

7

Here, Mr. Brace has not demonstrated that a change of venue is warranted.  The facts that are crucial to the venue analysis are largely similar to the facts discussed in the minimum-contacts analysis, *supra*.  The Court finds that a substantial part of the events giving rise to this lawsuit occurred in Arkansas.  As discussed above, Mr. Brace traveled to Arkansas over 40 times in the course of his employment with Welsco.  Those trips were for meetings directly related to Welsco's management, operations, sales, and marketing.  It is that knowledge and experience that Welsco alleges Mr. Brace is using to violate the parties' agreement.  On the other hand, it is undisputed that the alleged breach is occurring in Oklahoma.  It is not, however, the duty of this Court to say which venue is the *best* but only to determine if the venue chosen is *proper*.  Because the Court finds that venue in the Eastern District of Arkansas is proper, this case will not be dismissed or transferred pursuant to § 1406.

Mr. Brace alternatively argues for a transfer under § 1404(a).  First, the Court notes that it is not persuaded by Mr. Brace's convenience arguments.  Mr. Brace asserts that "virtually all of the witnesses" are located in Oklahoma (Dkt. No. 8, at 11) but that cannot be the case.  Welsco will also have numerous witnesses and records, all of which are located here.  Whether the case is tried in Arkansas or Oklahoma, one party and that party's witnesses will have to travel.  The Court is not convinced by Mr. Brace's argument that "all sources of proof are located in Oklahoma" (Dkt. No. 8, at 11).

The Court is bound to give considerable deference to plaintiff Welsco's choice of forum.  The Court concludes that a transfer to Oklahoma would merely shift the inconvenience from one party to another, which the Eighth Circuit has held is not a permissible justification for a venue change.  *Terra Int'l, Inc.*, 119 F.3d at 696-97.  Finally, the Court is not persuaded that an Arkansas jury would have no relation to this litigation.  To the contrary, this case involves an Arkansas plaintiff and a defendant who has had repeated contacts with this state related to the subjects at

8

issue in the litigation.  Mr. Brace has not demonstrated that the convenience of the parties or witnesses or the interests of justice require this Court to transfer this case pursuant to § 1404(a).

*   *   *

For the reasons set out above, defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively, Motion to Transfer Case to Proper Venue is denied.

SO ORDERED this the 24 day of July, 2012.

Kristine G. Baker
United States District Judge