IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WELSCO, INC.**                                                                **PLAINTIFF**

v.                                             **Case No. 4:12-cv-00394-KGB**

**MIKE BRACE**                                                         **DEFENDANT**

**OPINION AND ORDER**

Before the Court is defendant Welsco, Inc.'s ("Welsco") Motion for Leave to Seek Expedited Discovery (Dkt. No. 12). Defendant has responded (Dkt. No. 16). In order to prepare for a hearing on its request for a preliminary injunction, Welsco seeks leave to conduct expedited discovery before a Federal Rule of Civil Procedure 26(f) conference is held.

A federal district court has broad discretion with regard to discovery motions. *See United States v. Washington*, 318 F.3d 845, 857 (8th Cir. 2003). According to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless a court orders otherwise. When a party seeks expedited discovery, courts apply either a "good cause" or "reasonableness standard, while other courts "analyze a set of factors similar to those for obtaining a preliminary injunction." *Meritan Health Inc. v. Express Scripts, Inc.*, 2012 WL 1320147, at *1 (E.D. Mo. Apr. 17, 2012). The Eighth Circuit has not adopted either standard. *Id.* (citing *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo. 2008)).

Under the good cause standard, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Id.* at *2. In considering the request, the Court looks at the entire record and the reasonableness of the request in light of all surrounding circumstances. *Id.*

(citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). When determining the reasonableness of the request, the Court considers five factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citing *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2001)).

In *Mertain Health*, the plaintiffs sought expedited discovery to prepare for a preliminary injunction hearing. *Id.* *1. Much like the case at bar, the plaintiffs in *Mertain Health* alleged that the defendant was misusing plaintiff's confidential business information to contact and solicit business from plaintiff's clients. *Id.* The plaintiffs requested documents relating to defendant's communications with plaintiffs' clients and sought to depose six of defendant's employees. *Id.* The Court granted the request for expedited discovery, noting that "[e]xpedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing." *Id.* *2.

In this case, Welsco seeks to conduct discovery "for the limited purpose of obtaining evidence to be used at the preliminary injunction hearing" (Dkt. No. 12, at 2). There is a pending motion for preliminary injunction in which Welsco alleges that Mr. Brace is misusing confidential business information in violation of a covenant not to compete. Although Welsco has not indicated with specificity the individuals it plans to depose or the records it intends to subpoena, Welsco has indicated that it seeks discovery for the limited purpose of preparing for the preliminary injunction hearing. The Court does not believe that this will be unduly burdensome on Mr. Brace, given the procedural posture of this matter. Indeed, Mr. Brace's

response to the motion for expedited discovery objects to such discovery largely on the basis that there was a motion to dismiss pending, but that is no longer an issue as the Court has denied that motion.

The Court grants Welsco's motion seeking expedited discovery for the limited purpose of preparing for the preliminary injunction hearing. The Court orders that Welsco may take up to, but not exceeding, three (3) depositions and may subpoena relevant documents from Mr. Brace's current employer in accordance with the Federal Rules of Civil Procedure. No other discovery may take place until the parties have conferred as required by Rule 26(f).

SO ORDERED this the 24 day of July, 2012.

_____
Kristine G. Baker
United States District Judge