IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WELSCO, INC.**                                                                                          **PLAINTIFF**

v.                                         Case No. 4:12-CV-00394 KGB

**MIKE BRACE**                                                                                          **DEFENDANT**

## ORDER

Before the Court is defendant Mike Brace's motion to compel (Dkt. No. 49). Plaintiff Welsco, Inc. ("Welsco"), has responded in opposition to the motion (Dkt. No. 51), and Mr. Brace has replied (Dkt. No. 52).

Also before the Court is Welsco's motion to compel (Dkt. No. 69). In response, Mr. Brace filed a notice of filing of non-party Industrial Welding Tool & Supply, Ltd.'s response to plaintiff's motion to compel (Dkt. No. 80).

### I.     Mr. Brace's Motion

#### A.     Engagement Letter and Fees

Mr. Brace seeks in Defendant's Request for Production No. 32 a copy of Welsco's engagement letter with its counsel. He seeks in Defendant's Request for Production No. 33 copies of invoices for attorneys' fees, costs, and expenses incurred by Welsco in this action for which Welsco is seeking reimbursement from Mr. Brace. The Court denies without prejudice Mr. Brace's motion with regard to Requests Nos. 32 and 33.

The Court acknowledges that, as for specific time entries on invoices for attorneys' fees, costs, and expenses incurred by Welsco in this action, certain information included likely is protected from disclosure by the attorney-client privilege and the work-product doctrine. More importantly, based on the record before the Court and the parties' briefings on this issue, the

Court determines the information Mr. Brace seeks is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence, at this point in the litigation. If Welsco prevails in this litigation, it may submit a fee petition citing the proper legal authorities and properly supporting its request. At that point, if Mr. Brace determines he is unable to respond meaningfully to the petition without the information and documents he seeks here, he may renew these discovery requests and raise the issue with the Court.

### B.     Documents and Information Related to Alleged Lost Profits

Mr. Brace also seeks in Defendant's Second Requests for Production and First Set of Interrogatories information regarding Welsco's alleged lost profits. Mr. Brace claims that, in response to Request for Production No. 1, Welsco failed to provide its financial statements, including profit and loss statements, for the years 2006 to the present and instead objected that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

According to Mr. Brace, Welsco produced a profit and loss statement only for the time period of December 1, 2012, to December 31, 2012, which represents only four months of Mr. Brace's employment with Welsco. Mr. Brace worked for Welsco from March 15, 2005, to April 30, 2012. Welsco contends that it has already produced all relevant information responsive to this request, and therefore, the request is moot.

As this is a request for production, to the extent responsive documents exist, Welsco must produce profit and loss statements for the years 2006 to the present, as requested by Mr. Brace, or must state specifically in a verified response that such profit and loss statements do not exist and, therefore, cannot be produced.

Mr. Brace also requests in response to Requests for Production Nos. 2 and 3 and Interrogatories Nos. 1 and 2 that Welsco produce documents showing and state its profit margins for each customer and each product sold to each customer from 2006 to the present for which Welsco is seeking damages. Welsco objected that these requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Welsco also contends that it has already produced all relevant information responsive to these requests, and therefore, the requests are moot. Specifically, Welsco contends that it has produced to Mr. Brace:

> financial statements from two years, including the expenses of the Tulsa, Oklahoma branch of Welsco where Mr. Brace worked during his time employed by Welsco. In a good faith effort to resolve this dispute, even though it stood on its objections, Welsco provided additional information (Bates Numbers WELSCO 2632-26335) to Defendant regarding detailed information on expenses associated with the Tulsa branch where Defendant was employed. Welsco has provided to Defendant all information used in producing its damages model in this case. Welsco has also provided the invoices evidencing the sale price of goods to each customer for which Welsco seeks damages and spreadsheets showing the actual cost of those same goods on a per invoice basis. The profit margin is easily determinable by simple subtraction of the columns in the documents provided.

(Dkt. No. 51, at 6-7).

Welsco further states:

> As Adam Kohler, Chief Operating Officer of Welsco ("Kohler"), testified to at length in his deposition, little or no cost and/or overhead is associated with the sales in question and any deductions in Welsco's damage model would be *de minimis* and would involve minimal savings from a portion of Mr. Brace's compensation. To the extent that Defendant argues the actual costs on an item by item basis are needed, Defendant has access to the pricing received by Welsco on these products because the company which now employs him receives the same pricing as Welsco for products sold. By simple mathematics, the profit margins and net profit can easily be determined by Defendant.

(*Id.* at 7).

3

Finally, Welsco maintains that it provided "Defendant with invoices containing the customer name, invoice date, invoice number, extended price, and extended cost. Defendant does not find this information sufficient due to the fact it is organized by customer rather than by product." (*Id.* at 7). Welsco maintains, however, that it should not be expected to create new documentation to produce a product-by-product analysis when it has produced this information in another manner (*Id.* at 8). The Court has fully considered the arguments advanced by Mr. Brace and Welsco on these matters, both in writing and during the hearing on this motion. The Court finds Welsco's arguments persuasive and denies Mr. Brace's motion to compel as to Requests for Production Nos. 2 and 3 and Interrogatories Nos. 1 and 2.

## II. Welsco's Motion

Welsco filed a motion to compel Gas and Supply, also known as Industrial Welding Tool & Supply, Ltd. ("Gas and Supply") to respond to Welsco's subpoena for production of documents. Welsco subpoenaed Gas and Supply requesting "[a] copy of all documents showing Gas and Supply's actual cost for each invoice provided by Industrial Welding Tool & Supply, Ltd. or Gas and Supply. These invoices include, but are not limited to, those bates stamped as WELSCO 3-151 and BRACE 314-1583. These documents would show the total cost of products on a per invoice basis." (Dkt. No. 69, at 1). Industrial Welding Tool & Supply, Ltd. ("IWS"), through its counsel,[1] objected and responded to the subpoena, stating:

> IWS objects to Welsco, Inc.'s request to the extent the request seeks documents from or relating to Gas and Supply. Gas and Supply is not a legal entity. IWS also objects to this request because it is overly broad as to scope and seeks information which is not relevant to the parties' claims or defenses or reasonably calculated to lead to the discovery of admissible evidence. IWS further objects to Welsco's request for information showing the "total cost of the products on a per invoice basis" as unduly burdensome and harassing. IWS has already produced documents showing the amount invoiced to certain customers, as well as the

---

[1] IWS is represented by the same counsel as Mr. Brace, Larry Carbo.

4

amount invoiced for each product sold, as requested previously by Welsco. The "total cost of the products" to IWS "on a per invoice basis" is entirely irrelevant to this lawsuit and would serve no other purpose than to harass IWS.

(*Id.*; Dkt. No. 69-1).

As a part of its objection, IWS maintains that documents showing IWS's "actual cost" for "each invoice" are not relevant to any damages calculation in this case. The Court notes that IWS relies upon Eighth Circuit cases that refer to Minnesota law in support of this proposition, not Arkansas law as applies in this diversity case. Regardless, the Court has fully considered the arguments advanced by Welsco and IWS on these matters. The Court finds IWS's arguments regarding the discovery persuasive and denies Welsco's motion to compel IWS's response to the subpoena.

\* \* \*

For these reasons, in regard to Mr. Brace's motion to compel (Dkt. No. 49), the Court denies without prejudice Mr. Brace's motion with regard to Requests Nos. 32 and 33; grants Mr. Brace's motion with regard to Request No. 1 and orders that, to the extent responsive documents exist, Welsco must produce profit and loss statements for the years 2006 to the present, as requested by Mr. Brace, or must state specifically in a verified response that such profit and loss statements do not exist and, therefore, cannot be produced; and denies Mr. Brace's motion with regard to Requests Nos. 2 and 3 and Interrogatories Nos. 1 and 2. As for Welsco's motion to compel (Dkt. No. 69), the Court denies Welsco's motion to compel IWS's response to the subpoena. All requests for costs and fees associated with the filing of these motions are denied.

SO ORDERED this the 4th day of October, 2013.

_____
Kristine G. Baker
United States District Judge