**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WELSCO, INC.** **PLAINTIFF**

**v.** **Case No. 4:12-cv-00394-KGB**

**MIKE BRACE** **DEFENDANT**

**ORDER**

There are several matters currently pending before the Court regarding the parties' respective witnesses and motions *in limine*. Three motions are ripe—Welsco's motion to strike Mr. Brace's expert Joe L. Wohlgemuth (Dkt. No. 60), Mr. Brace's motion to exclude testimony on damages from Adam Kohler (Dkt. No. 66), and Mr. Brace's motion to strike, or in the alternative, objections to the consideration of, Mr. Kohler's affidavit (Dkt. No. 86). Six other motions—Mr. Brace's five motions *in limine* (Dkt. Nos. 94, 97, 100, 103, 111) and Welsco's motion *in limine* (Dkt. No. 106)—are not ripe in in that neither party responded to the other's motion or motions *in limine* after the Court continued the trial of this case.

**I. Welsco's Motion To Strike Joel L. Wohlgemuth**

The Court first considers Welsco's motion to strike Mr. Brace's expert Joel L. Wohlgemuth (Dkt. No. 60). Mr. Brace has responded (Dkt. No. 82), and Welsco has replied (Dkt. No. 119). Mr. Brace states in his expert disclosures that Mr. Wohlgemuth, an attorney, will provide testimony "regarding whether Oklahoma law applies to the issues in this case and whether the non-compete provisions of Plaintiff's agreement with Defendant [are] valid and enforceable under Oklahoma law and, more particularly, whether it was reasonable under the circumstances for Defendant to believe Oklahoma law would apply to his employment agreement." (Dkt. No. 60-1, at 3). Mr. Wohlgemuth's expert report lists his opinions that

Oklahoma's choice-of-law principles govern this case, the non-compete is unenforceable under Oklahoma law, and it was reasonable for Mr. Brace to believe Oklahoma law would apply and invalidate, at a minimum, the noncompete portion of the employment agreement (Dkt. No. 60-2).

Welsco moves to strike Brace's designation of Mr. Wohlgemuth and to preclude Mr. Wohlgemuth from testifying at trial or any hearing in this matter. Welsco argues that Mr. Wohlgemuth's proposed testimony is improper because it purports to instruct the Court as to the applicable law. The Court agrees, at least in regard to the first two matters on which Mr. Wohlgemuth proposes to opine. Further, Mr. Brace has not made the case as to why testimony as to the third matter on which Mr. Wohlgemuth proposes to opine—whether it was reasonable under the circumstances for Mr. Brace to believe Oklahoma law would apply to his employment agreement—is relevant or admissible. Without more, the Court will not permit Mr. Wohlgemuth to testify as to this matter. For these reasons, at this time, the Court will not permit Mr. Wohlgemuth to testify at any hearings or the trial of this case.

The issue of the appropriate choice of law is a question of law for the Court. *See Jones v. Winnebago Indus., Inc.*, 460 F. Supp. 2d 953, 959 (N.D. Iowa 2006) (citing cases). This Court has ruled that Arkansas law governs this case. Even if there were predicate facts to be determined by the jury on the choice-of-law issue, Mr. Wohlgemuth's testimony would be improper. Expert testimony on a legal conclusion will not assist the trier of fact and, therefore, is inadmissible. *Berg v. Johnson & Johnson*, 940 F. Supp. 2d 983, 1000 (D.S.D. 2013) (citing *United States v. Wells*, 63 F.3d 745, 753 (8th Cir. 1995) ("[I]nstruction on the law is the function of the court, not a defense expert."), *rev'd on other grounds*, 519 U.S. 482 (1997); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) ("The legal conclusions were for the court to make. It was an abuse of discretion to allow the testimony.")); *see also United States v. Cross*,

113 F. Supp. 2d 1282, 1285 (S.D. Ind. 2000) (stating that allowing an attorney to offer expert opinion on the ultimate issue of law would allow the jury to infer that it could look to the expert for legal guidance); *Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 225 (N.D. Ill. 1996) (excluding expert testimony on whether certain items were copyrightable and stating that "in a trial there is only one legal expert—the judge.").

In his response, Mr. Brace denies that Mr. Wohlgemuth's testimony is intended to instruct the Court or the jury as to the law or otherwise tell the Court or the jury what conclusions to reach. Rather, Mr. Brace contends that Mr. Wohlgemuth's testimony will assist the jury in considering whether it was reasonable for Mr. Brace to rely on his attorney's advice that Oklahoma law governed the noncompete agreement. Mr. Brace fails to explain how this is relevant to any issue the jury will be called to decide. Moreover, if for some reason the jury is called upon to make any reasonableness determinations, Mr. Wohlgemuth's testimony may impermissibly instruct the jury as to what conclusion to reach. *See United States v. Klaphake*, 64 F.3d 435, 438-39 (8th Cir. 1995) (upholding the district court's ruling excluding testimony by a lawyer as to the legality of a trust agreement where the defendant asserted a defense of reasonable reliance).

The Court grants Welsco's motion to the extent Welsco seeks to exclude Mr. Wohlgemuth's testimony. For these reasons, at this time, the Court will not permit Mr. Wohlgemuth to testify at any hearing or the trial in the case.

To the extent Welsco moves to strike Mr. Brace's expert designation of Mr. Wohlgemuth, the motion is denied. Welsco has not explained why Mr. Brace's designation of Mr. Wohlgemuth should be stricken. Welsco does not argue that Mr. Brace failed to disclose

timely Mr. Wohlgemuth or committed some other discovery violation that would merit striking Mr. Wohlgemuth's designation.

**II. Mr. Brace's Motion To Exclude Testimony On Damages From Adam Kohler**

The Court next considers Mr. Brace's motion to exclude testimony on damages from Mr. Kohler (Dkt. No. 66), along with Welsco's response (Dkt. No. 90), and Mr. Brace's reply (Dkt. No. 125). Welsco has identified Mr. Kohler, Welsco's Chief Operating Officer ("COO") and former Chief Financial Officer ("CFO"), as Welsco's corporate representative who will testify to the issue of Welsco's damages allegedly caused by Mr. Brace's actions.

Mr. Brace argues that Mr. Kohler is not qualified to provide expert testimony or any other type of testimony with respect to Welsco's alleged lost profits and that Mr. Kohler's testimony and calculations of Welsco's alleged lost profits are fundamentally flawed and do not meet the level of reliability required under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). At the outset, the Court notes that Welsco did not specifically identify Mr. Kohler as an expert witness. Rather, Mr. Brace has raised the issue and characterized Mr. Kohler as an expert, apparently in order to raise his expert witness challenges, as Mr. Brace incorrectly suggests that Welsco is required to present expert testimony on damages. That said, Welsco has responded that Mr. Kohler's testimony is admissible either as lay opinion testimony under Rule 701 of the Federal Rules of Evidence or as expert testimony under Rule 702.

As stated in the Court's Opinion and Order on the parties' motions for summary judgment, the Court agrees with Welsco that Mr. Kohler is qualified under Rule 701 to give lay opinion testimony regarding Welsco's alleged damages. The Court will address Mr. Brace's arguments under Rule 702, to the extent that Welsco has responded and asserted that Mr. Kohler's testimony is also proper under Rule 702.

Mr. Brace first argues that Mr. Kohler is not qualified to give to expert testimony. Rule 702 provides in part that a witness may qualify as an expert "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Mr. Brace argues that Mr. Kohler currently is not qualified to render an opinion as a Certified Public Accountant ("CPA") because his CPA license expired over a decade ago and because he has not satisfied the minimum educational requirements for maintaining an active CPA license. Setting aside for the moment that Welsco has not disclosed Mr. Kohler as a retained-CPA expert, Mr. Brace has offers no legal authority for a bright-line rule that only currently-licensed CPAs who satisfy continuing education requirements may give expert opinions on lost profits under Rule 702.

To the extent that Mr. Kohler's license status impacts his qualifications, the record indicates that his license has not expired; rather, it is inactive (Dkt. No. 90-1, at 7; Dkt. No. 90-4). Arkansas Code Annotated § 17-12-505, titled "Inactive status," provides that State Board of Public Accountancy may by rule create an exception to continuing education requirement for licensees who do not perform or offer to perform for the public certain accounting services. Mr. Kohler has obtained a letter from the Executive Director of the Arkansas State Board of Public Accountancy stating that it is the Board's position that nothing in § 17-12-505 prevents inactive CPAs working in private industry from performing accounting, tax, or other professional services in the course of their employment for the benefit of their employer (Dkt. No. 90-3). The letter further states, "Providing accounting services for your employer in exchange for your normal salary / compensation does not constitute performing services for the public" (Dkt. No. 90-3). Mr. Kohler is not a retained witness. He has indicated he intends to offer testimony in this case in his capacity as a corporate representative and executive of Welsco, and he has

testified that he is not being paid any separate compensation for his time testifying or otherwise performing services in this litigation (Dkt. No. 90-1, at 7).

Mr. Brace also asserts several challenges to the factual basis and methodology of Mr. Kohler's calculations. "Time and again," the Eighth Circuit has "noted that the factual basis of an expert's opinion generally relates to the weight a jury ought to accord that opinion. Thus, unless the factual or methodological basis for the testimony is fundamentally unreliable, its admission is not an abuse of discretion." *Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1120-21 (8th Cir. 2006) (citations omitted).

Mr. Brace first argues that Mr. Kohler's damages model is not based on reliable methodology and theory because it does not conform to the standards set forth by the American Institute of Certified Public Accountants ("AICPA") for calculating lost profits. Mr. Brace has not presented any controlling legal authority for the proposition that, for Mr. Kohler's proposed testimony to be admissible, it must comply with the standards set forth by the AICPA. This issue goes to weight, not admissibility. Mr. Brace suggests that the AICPA is controlling based on Mr. Kohler's deposition testimony referencing the AICPA's standards. Mr. Brace overstates that testimony. Mr. Brace's counsel questioned Mr. Kohler in both of Mr. Kohler's depositions about the AICPA and a particular AICPA practice aid. In in his second deposition, Mr. Kohler said that he believes that using historical margins for calculating net profits is reasonable and that his damages model is consistent with the AICPA practice aid (Dkt. No. 66-4, at 9-11).

Mr. Brace also argues that Mr. Kohler's damages model is improper in that it includes customers who were never customers of Welsco. This argument rests primarily on Mr. Brace's claim that the 798 Union as a whole was never the customer of Welsco. In his summary judgment papers, Mr. Brace takes issue with Welsco having tracked sales to the 798 Union as a

whole rather than to individual 798 Union members. Mr. Brace has not demonstrated that Welsco's method for tracking sales, or whom Welsco considered to be the customer, renders Mr. Kohler's damages calculations fundamentally unreliable or improper so as to make them inadmissible. As stated above, the factual basis for Mr. Kohler's opinions relates to the weight the jury ought to accord his opinion. *Margolies*, 447 F.3d at 1121. Moreover, Arkansas law does not require exactness of proof in determining damages. *Bank of Am., N.A. v. C.D. Smith Motor Co., Inc.*, 106 S.W.3d 425, 436 (Ark. 2003). Loss may be determined in any manner that is reasonable under the circumstances. *Spann v. Lovett & Co., Ltd.*, 389 S.W.3d 77, 91 (Ark. Ct. App. 2012).

Mr. Brace also attacks Mr. Kohler's calculations by arguing that Mr. Kohler fails to deduct costs to arrive at net profits, not gross profits. Mr. Brace raised this argument in his summary judgment papers, and the Court rejects it for the reasons stated in the Opinion and Order ruling on the pending summary judgment motions. Mr. Kohler's testimony explains that his damages model attempts to account for costs by using historical margins; neither Mr. Kohler nor Welsco claim gross profits as a measure of damages.

In addition, Mr. Brace argues that Mr. Kohler's damages model is flawed in that Mr. Kohler calculates damages beyond the noncompete period. Mr. Brace raised whether or not post-contractual damages are recoverable in this case in his motion for summary judgment. The Court determined that Welsco presented sufficient evidence to reach the jury on whether the parties reasonably contemplated post-contractual damages.

Lastly, Mr. Brace argues in his reply in support of his motion to exclude Mr. Kohler's testimony that Welsco failed to designate Mr. Kohler as an expert witness in compliance with deadlines set by the Court and failed to produce expert disclosures contemplated by Fed. R. Civ.

P. 26(a)(2). This argument was not raised in Mr. Brace's motion to exclude Mr. Kohler's testimony on damages or brief in support. Because Mr. Braces raises this argument for the first time in his reply, the Court declines to consider it. Even if this argument had been timely made, the Court would reject it. First, the requirement for a written expert report pursuant to Rule 26(a)(2)(B) would not apply to Mr. Kohler because he is not a witness who "is retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). Second, Mr. Brace has not demonstrated that Welsco's discovery disclosures fail to satisfy Rule 26(a)(2)(C)'s requirements for expert disclosures for witnesses who do not provide a written report.

For these reasons and those stated in the Court's Opinion and Order regarding the parties' motions for summary judgment, the Court denies Mr. Brace's motion to exclude testimony from Mr. Kohler on damages (Dkt. No 66).

**III. Other Motions**

Also before the Court are Mr. Brace's five motions *in limine* (Dkt. Nos. 94, 97, 100, 103, 111) and Welsco's motion *in limine* (Dkt. No. 106). The motions *in limine* are not ripe in that neither party responded to the other's motions *in limine* after the Court continued the trial of this case. The Court denies these motions *in limine* without prejudice. The parties may refile their motions *in limine* to the extent that the parties determine the motions present issues that are not resolved by the Court's rulings on the parties' motions for summary judgment and the Court's rulings in this Order. Mr. Brace's motions to seal related to his motions *in limine* are also denied without prejudice (Dkt. Nos. 96, 99, 102). The Court notes that two of these motions, Dkt. Nos.

96 and 99, seek to file under seal a document that Mr. Brace has already obtained leave to file under seal (Dkt. Nos. 91, 92).

* * *

Welsco's motion to strike Mr. Brace's expert Joel L. Wohlgemuth is granted in part and denied in part (Dkt. No. 60). For the reasons stated, at this time, the Court will not permit Mr. Wohlgemuth to testify in this case but declines to strike his disclosure all together. The Court denies Mr. Brace's motion to exclude testimony on damages from Mr. Kohler (Dkt. No. 66). The Court denies without prejudice the motions *in limine* and motions to seal (Dkt. Nos. 94, 96, 97, 99, 100, 102, 103, 106, and 111). To the extent the matters raised in these motions remain in dispute, the parties may refile these motions closer to the trial date.

SO ORDERED this the 30th day of September, 2014.

Kristine G. Baker
United States District Judge